IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| SHELLEY ANN BRADSHAW, | ) | |
| (aka Shelley Ann Martin), | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180405R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Conference Decision Letter dated September 27, 2018, for the 2014 tax year. A trial was held on June 11, 2019, in the courtroom of the Oregon Tax Court. Shelley Ann Bradshaw (Bradshaw) appeared and testified on her own behalf. Plaintiff's father, John McCormack (McCormack), also testified for Plaintiff. Nelly Rudnitskaya, auditor for the Department of Revenue, appeared and testified on behalf of Defendant. Plaintiff offered Exhibits 1 to 7 without objection. Defendant offered Exhibits A to N without objection.

## I. STATEMENT OF FACTS

Bradshaw testified that in 2014 she derived her income from a corporate employer and from her own business called Beautiful BEBE Designs LLC (BEBE). She testified that BEBE began as a virtual business making bedding for infant cribs in 2012 and by 2014 it grew into a retail store. Bradshaw testified that most sales at the store were done by credit card and little cash was received. Bradshaw maintained four bank accounts with Columbia Bank: personal account 9862, personal account 8303, business account 6153, and joint account 1424. (Ptf's Exs 1-4.) Bradshaw testified that in late 2014 the store closed for financial reasons.

/ / /

Bradshaw's 2014 Oregon personal income tax was selected for audit by Defendant. (Def's Ex B at 1.) Rudnitskaya testified she performed a bank deposit analysis by totaling Bradshaw's bank deposits and sales reported from ETSY, PayPal, and Square, Inc. and then subtracting duplicates, non-income deposits, and transfers. She concluded that Bradshaw had additional unreported income of $62,623. (Def's Exs N at 1; B at 7.)

Bradshaw testified that the bank deposit analysis mistakenly counted 26 deposits ($34,313) as unreported income. (Ptf's Ex 7.) Bradshaw testified that those 26 deposits break into six types of non-income credits: (1) deposits from transfers between bank accounts; (2) deposits from the sale of her vehicle; (3) cash transfers into new bank accounts; (4) deposits from short-term disability insurance; (5) deposits from loans; and (6) deposits into Bradshaw's ex-husband's bank account. (*Id*.)

Bradshaw testified that the first category of deposits were same-day check transfers between her bank accounts for cash flow reasons. Bradshaw presented bank records of six check transfers between accounts totaling $8,305. (Ptf's Ex 7.) On May 15, 2014, Bradshaw wrote a check for $1,500 from personal account 9862 to business account 6153. (Ptf's Exs 1 at 1; 3 at 3.) On May 23, 2014, Bradshaw wrote a check for $2,000 from business account 6153 to personal account 8303. (Def's Exs F at 7; E at 15.) On September 2, 2014, Bradshaw wrote a check for $1,650[1] from personal account 9862 to business account 6153. (Ptf's Exs 1 at 2; 3 at 5.) On September 10, 2014, Bradshaw wrote a check for $2,200 from personal account 9862 to business account 6153. (Ptf's Exs 1 at 2; 3 at 5.) On September 26, 2014, Bradshaw wrote a check for $600 from business account 6153 to personal account 9862. (Def's Exs F at 20; D at 50.) On

---

[1] There is a slight discrepancy in the amount transferred between accounts, but the court does not find that significant.

December 4, 2014, Bradshaw wrote a check for $325 from business account 6153 to personal account 9862. (Def's Exs F at 33; D at 60.)

Bradshaw testified that the second category of deposits were payments received from the sale of her used car. Bradshaw testified she sold her used vehicle to a friend for another car worth $5,500 and approximately $17,000 on a payment plan at $329 per month. When Bradshaw sold that vehicle, the adjusted basis was $38,379. (Def's Ex A at 12.) Defendant contends that those five payments totaling $1,645 were unreported income. (Def's Exs D at 50, 56, 59; G at 30, 35.)

Bradshaw testified that the third category of deposits represented cash transfers from existing accounts to open new bank accounts. On January 28, 2014, Bradshaw withdrew $500 cash from personal account 9862 and deposited it to open new personal account 8303. (Def's Exs D at 9; E at 2.) On March 6, 2014, Bradshaw withdrew $5,000 cash from personal account 9862, then used the money to open new business account 6153. (Def's Exs D at 16; F at 2.)

Bradshaw testified that the fourth category of deposits were short-term disability insurance payments totaling $7,563. Of those deposits, $6,811 were deposited into Bradshaw's personal bank account 8303. (Def's Ex E at 4, 7, 10.) The remaining amount, $752, was deposited into her business account 6153. (Def's Ex F at 6.) Bradshaw testified the payments were from Standard Insurance Company for stress leave from her corporate employer. Bradshaw received a W-2 for those insurance payments totaling $8,143. (Def's Ex A at 15.) Bradshaw also received a W-2 from her corporate employer for $12,083. (*Id*. at 13.) Together, those W-2 forms total $20,226 in wages, which is the figure Bradshaw reported on her 2014 tax return.

Bradshaw testified that the fifth category of deposits represented loans she received from McCormack. Bradshaw testified that McCormack gave her three cash loans totaling $11,000 to

DECISION TC-MD 180405R

help her struggling business. On August 1, 2014, Bradshaw deposited $5,000 in cash into business account 6153. (Ptf's Ex 3 at 4.) On September 26, 2014, Bradshaw deposited $3,000 cash into business account 6153. (Ptf's Ex 3 at 5.) On October 7, 2014, Bradshaw deposited $3,000 cash into business account 6153. (Ptf's Ex 3 at 6.) McCormack testified that there is no written record of those loans because there was a verbal agreement among family members. Bradshaw testified that she has paid back $2,200 to McCormack by check. (Ptf's Ex 6 at 1-5.)

Bradshaw testified that the sixth category of deposits were made to her ex-husband's account and belong to him. Bradshaw testified that she should not be taxed on those deposits because she separated from her ex-husband on February 8, 2014, and account 1424 was in his control after the separation. On April 14, 2014, $300 was deposited into account 1424 and Defendant listed that deposit as unreported income. (Def's Ex G at 19.) Bank account 1424 lists Bradshaw and her ex-husband as joint owners of the account. (*Id.*) Bradshaw's filing status for the 2014 tax year was head of household. (Def's Ex A at 1.)

## II. ANALYSIS

The issue in this case is whether Defendant's adjustment to Plaintiff's gross receipts, based on its bank deposit analysis, was correct. In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[2] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. That standard is

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

met by a showing that "the facts asserted are more probably true than false[.]" *Cook v. Michael*, 214 Or 513, 527, 330 P2d 1026 (1958).

A.    *Schedule C Gross Income Adjustment*

Gross income is defined as "all income from whatever source derived * * *." IRC § 61(a).  A taxpayer has a duty to keep their financial records to prove their income and deductions.  Treas Reg § 1.6001-1(a).  "Where a taxpayer's books do not clearly reflect income, the Department of Revenue may demonstrate unreported income 'by any practicable proof that is available in the circumstances of the particular situation.' " *Danielson v. Dept. of Rev.*, TC-MD 160282C, WL 5158730 at *3 (Or Tax M Div Nov. 7, 2017) (quoting *Brenner v. Dept. of Rev.*, 9 OTR 299, 306 (1983); *cf. U.S. v. Doyle*, 234 F2d 788, 793 (7th Cir 1956)).  The department may use additional methods such as a bank deposit analysis to determine a taxpayer's unreported income.  *Brenner* at 302.

1.    *Deposits from check transfers between accounts*

Bradshaw presented evidence that six checks totaling $8,305 represented transfers between her various bank accounts.  Defendant counted those transfers as unreported income.  In *Koch v. Dept. of Rev.,* TC-MD 160391N, WL 417966 (2018), taxpayers transferred same-day checks between their own bank accounts to avoid overdraft charges.  In that case, taxpayers' credible testimony and corresponding bank records substantiated the deposits as nontaxable transfers.  *Id.* at *4.

Similarly, here, Bradshaw matched the $8,305 of deposits with corresponding same-day check transfers from one account to another.  The court finds Bradshaw's testimony credible because she traced those deposits with corresponding withdrawals.  Additionally, like *Koch,*

/ / /

Bradshaw transferred that money to mitigate a lack of funds. The court finds that those six deposits totaling $8,305 are not income because they are transfers.

      2.      *Deposits from the sale of Plaintiff's vehicle*

Gain on a sale is the amount in "excess of the amount realized [ ] over the adjusted basis * * *." IRC § 1001(a). Here, Bradshaw sold her used vehicle in part for a trade and in part for future payments. Defendant flagged five of those deposits totaling $1,645 as unreported income. Although Bradshaw sold her vehicle, it was sold for less than the adjusted basis of $38,379. Thus, the court finds those deposits are not taxable because there was no amount realized over the adjusted basis.

      3.      *Deposits into new bank accounts*

Like her check transfers, Bradshaw also transferred cash to open new bank accounts. Defendant found those cash deposits were unreported income. In *Koch*, plaintiffs' credible testimony and ability to trace their check transfers substantiated similar deposits as nontaxable. 2018 WL 41796 at *4. Here, although Bradshaw's opening deposits were not done by check, those cash deposits are still reliable because the transfers were done on the same day and in the same bank. Bradshaw traced those transactions and gave credible testimony that those deposits were transfers between her accounts. The court finds that those opening deposits are not unreported income.

      4.      *Deposits from short term disability insurance*

Defendant counted $7,563 of deposits as unreported income from Bradshaw's bank deposit analysis. Those deposits were Bradshaw's short-term disability insurance payments. Bradshaw received a W-2 for those payments and also included that income on her 2014 tax

/ / /

6

DECISION TC-MD 180405R

return. The bank deposit analysis misidentified those deposits as additional income. The court finds that the deposits from short term disability insurance do not represent unreported income.

5. *Deposits from a loan*

The Department asserts $11,000 in cash deposits were unreported income. Bradshaw asserts that those deposits were loans from her father and not income. Loans are not considered to be income. *See Comm'r v. Tufts*, 461 US 300, 307 (1983). In *Nguyen*, the plaintiff received cash loans from his family. *Nguyen v. Comm'r*, 111 TCM (CCH) 1600 (2016.) There, the court found deposits were loans based on credible family testimony and supporting documents. *Id*. at *3.

Here, Bradshaw offered credible testimony that her father loaned her money to help her struggling business. McCormack also credibly testified that he and his wife agreed to loan money to their daughter by a verbal agreement. Furthermore, Bradshaw presented evidence and testimony of check repayments to her father totaling $2,200. The evidence here (family testimony and supporting documents) is akin to *Nguyen*. Although Bradshaw did not present written loan documents, the credible family testimony along with checks in repayment demonstrate the existence of a loan. The court finds that those deposits are loans and not income.

6. *Deposits into ex-husband's account*

Bradshaw testified she separated from her husband in February 2014. Subject to exceptions, a spouse is required to report the income of the other spouse when they file joint tax returns. *See* IRC § 6013. Furthermore, IRC section 61(a) requires taxpayer to report all income derived. IRC § 61(a).

/ / /

Here, Bradshaw filed as head of household and did not file a joint tax return. Bradshaw testified that the $300 deposited into account 1424 is money belonging to her ex-husband. Although that account is a joint account, the money is not Bradshaw's because her ex-husband had control of that account after the separation. Bradshaw did not derive any income from that $300 deposit. *See* IRC § 61(a). Thus, the court finds, the deposits into Bradshaw's ex-husband's accounts are not income.

### III.  CONCLUSION

After careful consideration, the court finds that Plaintiff has demonstrated by a preponderance of the evidence that the sums asserted in the Notice of Deficiency Assessment were not income and the audit adjustments should be reversed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

Dated this __ day of December 2019.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on December 13, 2019.*